UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80209-CIV-MARRA

ENRIQUE VALDEZ,

    Plaintiff,

vs.

SMITH & DESHIELDS, INC.,
a Florida Corporation,

    Defendants.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Defendants's Affirmative Defenses to Plaintiff's Complaint (DE 7). Plaintiff responded with a Memorandum in Opposition (DE 11). Plaintiff did not file a reply. The motion is now ripe for review. The Court has carefully considered the parties' submissions and is fully advised in the premises.

On February 29, 2008, Plaintiff Enrique Valdez ("Plaintiff") filed a Complaint (DE 1) pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*. Plaintiff seeks to recover from Defendant Smith & Deshields Inc. ("Defendant") back pay, compensatory damages, other monetary damages, equitable relief, punitive damages, and reasonable attorneys' fees and costs. According to the Complaint, Plaintiff (who was and is deaf in both ears) was employed by Defendant from in or about October 1987 until his termination in January 2007. Plaintiff alleges discrimination against him on the basis of his disability, denial of reasonable accommodations, harassment, and termination.

On April 2, 2008, Defendant filed an Answer and Affirmative Defenses (DE 6). Therein,

Defendant sets forth thirteen (13) "separate and distinct" affirmative Defenses.  In setting forth its first affirmative defense, Defendant states that Plaintiff failed to exhaust his administrative remedies.  The second affirmative defense states that "Plaintiff has failed to state a cause of action upon which relief may be granted."  The third affirmative defense states that "Defendant would show that it is committed to providing a work environment that is free from all forms of retaliation, discrimination, and/or harassment based on a person's race, color, sex, religion, national origin, familial status, handicap or disability, as defined by appropriate statutes, including Americans With Disabilities Act."  The fourth affirmative defense states that "Plaintiff is subject to, and should be limited by, the 'after acquired evidence doctrine.'" (DE 6).  Plaintiff moves to strike these affirmative defenses[1] pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Defendants respond that the challenged affirmative defenses are proper and sufficient.

     Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. Westfield Ins. Co. v. Northland Ins. Co., Slip Copy, 2008 WL 4753994, *1 (S.D. Fla. 2008); see Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice."  Augustus v. Bd. of Pub. Instruction of Escambia County,

---

[1] As explained herein, it is difficult to discern from Plaintiff's motion and memorandum of law which of these four affirmative defenses Plaintiff seeks to strike, as Plaintiff appears to have cited one or two of the affirmative defenses in error.  To avoid any further confusion, the Court will address each of Defendant's first four affirmative defenses.

Fla., 306 F.2d 862, 868 (5th Cir.1962)[2] *quoting* Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953).  That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002), *citing* Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  Id.

**First and Third Affirmative Defenses**

In setting forth its first affirmative defense, Defendant states that Plaintiff failed to exhaust his administrative remedies. (DE 6). Plaintiff has presented no arguments that bear any relation to the substance of Defendant's first affirmative defense.  Plaintiff makes reference to a claim under the Fair Labor Standards Act which is not alleged in the complaint. Therefore, the motion to strike is **DENIED** as to the first affirmative defense. While Plaintiff asks that the Court strike the first affirmative defense, the quoted content that Plaintiff challenges in the instant motion more accurately reflects Defendant's second affirmative defense.

The third affirmative defense states that "Defendant would show that it is committed to providing a work environment that is free from all forms of retaliation, discrimination, and/or harassment based on a person's race, color, sex, religion, national origin, familial status, handicap or disability, as defined by appropriate statutes, including Americans With Disabilities

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Act." (DE 6). Once again, Plaintiff has presented no arguments that bear any relation to the substance of Defendant's third affirmative defense. Therefore, the motion to strike is **DENIED** as to the third affirmative defense.

**Second and Fourth Affirmative Defenses**

The second affirmative defense states that "Plaintiff has failed to state a cause of action upon which relief may be granted." (DE 6). This defense is insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6). It is a bare-bones conclusory allegation that fails to notify Plaintiff of the deficiencies in the complaint. See e. g., Renalds v. S.R.G. Restaurant Group, 119 F.Supp 2d 800, 803-04 (N.D. Ill. 2000) (simply reciting the standard for dismissal under Rule 12(b)(6) is an abdication of a party's responsibility for alleging the basic facts demonstrating an entitlement to relief); Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems U., 2005 WL 975773, *11 (S.D. Fla. 2005) (Report & Recommendation, adopted April 19, 2005 (04-60861, DE 84).

The fourth affirmative defense states that "Plaintiff is subject to, and should be limited by, the 'after acquired evidence doctrine.'" (DE 6). This is not an affirmative defense. It is a rule of evidence which may be asserted at the appropriate time in the proceeding. It need not be asserted now, nor would it necessarily defeat Plaintiff's claims even if applied. Thus, it is insufficient as a matter of law as a legal defense to this action. Microsoft Corp., 211 F. R. D. at 683.

Accordingly, the Court will grant the motion to strike the second affirmative defense, with leave to replead in a manner that complies with Rule 8(a). The fourth affirmative defense is

stricken with prejudice.[3]   It is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendants's Affirmative Defenses to Plaintiff's Complaint (DE 7) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's Motion to Strike Defendant's First and Third Affirmative Defenses is **DENIED**.  Plaintiff's Motion to Strike Defendant's Second and Fourth Affirmative Defenses is **GRANTED.**  Defendant is granted leave to amend the second affirmative defense **within ten days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of November, 2008.

_____
KENNETH A. MARRA
United States District Judge

---

[3] Defendant is not precluded, however, from raising the evidentiary rule of after-acquired evidence if appropriate during these proceedings.